# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

LARRY E. BARKER  
ADC # 129415                                                              PLAINTIFF

V.                               5:14CV00181JM/JTR

BARNES, Randall Williams Unit, ADC, et al.                DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James Moody. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Discussion

Plaintiff, Larry E. Barker, is a prisoner in the Arkansas Department of Correction ("ADC"). In this *pro se* § 1983 action, Plaintiff alleges that Defendants Barnes, White, and Savoy ("Defendants") violated his constitutional rights while he was a prisoner in the Randall Williams Unit and the Ouachita River Unit. The Plaintiff

was allowed to proceed with his inadequate medical care claims against Defendants and service was ordered. *Doc. 8.*

The U.S. Marshal was directed to serve the Defendants through the ADC Compliance Division. *Doc. 8.* Service was returned unexecuted because the three Defendants were not employed by the ADC. Rather, they were employees of Corrective Care Solutions. *Docs. 9,10,11, & 12.*

The Court then ordered service on the Defendants through the Humphreys and Odum law firm which represents Correct Care Solutions. *Doc. 12.* However, those summons were all returned unexecuted because: (1) Defendants Barnes and White no longer work for Corrective Care Solutions; and (2) Sevoit was unable to be identified as having ever worked for Corrective Care Solutions. *Doc. 15,16, & 17.*

The U.S. Marshals subsequently attempted service on Barnes and White at their last known addresses. However, those summons were both returned unexecuted. *Docs. 24 & 26.*

Plaintiff filed a Motion changing Sevoit's name to Savoy and service was ordered through the Humphry and Odom law firm. *Doc. 27.* However, that summons was returned unexecuted because she was no longer employed with Corrective Care Solutions. *Doc. 29.* Summons was reissued to Defendant Savoy at a last known sealed address. It came back unexecuted. *Doc. 31.*

Plaintiff has filed a Motion asking for a Waiver of Service on Defendants, arguing that Defendants were served while the case was pending in the Western District of Arkansas.[1] *Doc. 32.* Humphrey and Odom law firm have *no authority* to waive service on behalf of the Defendants, nor does that law firm have authority to accept service on behalf of *former employees* of Corrective Care Solutions. See Fed. R. Civ. P. 4(d).

It has been over a year since this lawsuit was filed, on May 7, 2014, and Plaintiff has been unable to provide the Court with valid service addresses for any of the Defendants. Accordingly, this case should be dismissed, without prejudice, based on Plaintiff's failure to obtain service on any of the Defendants.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion to Renew (Doc. 32) be DENIED.

2. Plaintiff's Complaint (Doc. 1), and his claims against Defendants Barnes, White and Savoy be DISMISSED, WITHOUT PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in*

---

[1]This lawsuit was initially filed in the Western District of Arkansas on May 6, 2014, but was transferred to the Eastern District of Arkansas on May 7, 2014. In the transfer order, it clearly states service is to be determined at a later date. *Docs. 1 & 2.*

*forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 3rd day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
